Mr. Zenner, the court appreciates your assistance under the Criminal Justice Act. You have the floor. Thank you, Your Honor. May it please the court, counsel Adam Zenner on behalf of Defendant Jefferson appeals his conviction. Of course, as the court will recall, he was charged in a six count, second superseding indictment. Count one alleged conspiracy with Ms. Stark for the methamphetamine and marijuana. Count two was possession of the marijuana. Count three was possession of the methamphetamine. Count four was possession of the suboxone. Count five was the use of a firearm in furtherance of the drug trafficking crime. Count six was possession, felony possession of a firearm. There were acquittals, as the court will recall, on count one with respect to the conspiracy on the methamphetamine. Acquittal on count three, possession of methamphetamine. Count four, possession of the suboxone. I'd like to start, Your Honors, with a focus on the 404B evidence that we've objected to below that we took issue with in our post-trial motions and then have brought before this court. A couple things on the 404B evidence. Number one, we think much of the 404B should not have been admitted. Even if it was admitted, Your Honor, we think it was used improperly, both by way of witness testimony, but certainly by way of the rebuttal argument that we found in 403 of the court's appendix. It's the last page, the last items the jury heard, Your Honors, by way of rebuttal was argument on the 403 evidence. And what we think makes this case unique, Your Honor, with respect to cases in this circuit and other circuits is what we have is the explicit tie. Counselee, you're arguing... I'm confused. I have not seen a case where a new trial, the denial of new trial is argued based on multiple other issues that were not separately raised on appeal, which includes the 404B. How are we supposed to deal? Are you now treating this as though it was the, you know, the whatever it is, fourth, fifth, sixth issue raised on appeal, even though it wasn't, so we can independently reverse on this? Or is this part of a new trial argument? In which case, how big a piece is it? Well, Your Honor, it's a new trial argument. It was addressed below, as the court will recall, and denied by Judge Pratt. He, Judge Pratt, Honorable Judge Pratt, denied this argument on the auspice that use was appropriate. That's his verbiage and his denial of new trial motion. How are we to... Is this a freestanding new trial argument? That's not the way you briefed it. Well, Your Honor, I think that... If it's not freestanding, what does it combine with that makes what is a very unusual thing a reversible denial of a new trial? Yeah. Yes, Your Honor. One, this is a... This goes to... This was objected to below. It was raised... The admission of all this 404B evidence was objected to. In our motion in Lemony, it was admitted over our objection. We, of course, raised and repeated many 404B objections at trial. The crux of the closing argument, Your Honor, is that it was... It's this court's case in Green versus Bowman, 8-16, Fed Third of 2016. The court will recall that Chief Judge Riley looked at an argument relative to whether the government had improperly argued or put emphasis, excuse me, on 404B evidence in its closing argument. There, the court, 2-1, Chief Judge Riley wrote, denied the appeal, but that's because Chief Judge Riley, on page 965, determined that there was... Green-Bowman does not identify any specific instances of the government telling the jury that he, the defendant, was guilty because he had bad criminal propensities. This court found that because that express argument was not made, 2-1, they determined, this court has determined, at least in Green-Bowman, that new trial was not appropriate. The court will recall that there was a dissent in that case from Judge Bright, and Judge Bright determined that the counsel's use of the 404B evidence in the closing is not... Well, one, he says it's not a grant for the government to use free reign on the evidence, however the government would like, but he says he would reverse because the evidence in that overwhelming. In other words, the use was improper, and at least in Judge Bright's analysis, prejudice was shown. Here, what we have, and to the court's good question, on page 13 of our brief, the first paragraph, the government's closing argument was improper and performed to mislead the jury with evidence in violation of 404B, and so what we have is that very case, but what we have, your honors, is a stronger case than Green-Bowman. Why? Because we both have explicit and implicit, or what the court calls surreptitious. The majority calls it an express argument, and Judge Bright calls it... He uses a different word, but essentially stating the connection directly, and that's what we have here. If the court were to look to, as I know the court has, volume three, page 439, this is the last page of the government's closing argument, it says here's an explicit use of 404B, and what else did she tell you about the gun? This is at the top of the page. She being disturbed that defendant loves guns so much. He said, you're going to be a good daddy, so you're going to get guns in your name, and then the government paraphrases what was the 404B evidence. In other words, the son wasn't going to have a gun, so the defendant could have him put guns in the little boy's name. This one should not have been admitted under 404B. It was admitted over our objection. It goes not to the permissible uses under 404B. It goes to some time in the future, apparently not, and of course having nothing to do with the gun that's charged, but the more important point, at least under the court's analysis, is the direct link when we look to the next line. Is that something Wendy invented? Credibility was an issue. Ridiculous. That's something she heard the defendant say because the defendant possessed the .22 caliber firearm. That's your direct link, and that under 404B is improper. It was objected to, as I say, in our post-trial motions. It was raised to this court on page 13, and it is an express link for propensity that put that in issue and asked the jury to use the 404B stuff that came in over our objection and use it to convict Mr. Jefferson, but that's not all. We read further, and there's, again, an explicit link. Again, one of the text messages you saw in this case that he sent Wendy even before the robbery, he sent it to her in May. He said, you act like this S-H-I-T is a game until somebody smacks your with a gun or hurt one of the kids. These are the defendant's words. This S-H-I-T is real, serious, not an F-U-C-K-I-N-G game. Now, here's the direct link. The defendant and his crimes were real. He's arguing, excuse me, the government has argued the 404B evidence, which was the admission of Mr. Jefferson's prior conviction. He's arguing that one of the final things the jury hears were real. His drug dealing was real. Again, 404B. His gun carrying was real. Again, 404B. He is tying, excuse me, the government is tying the gun carrying that they have put in that doesn't have anything to do with the 22 Phoenix that's charged or the ammo associated there with. The government is tying those other instances of 404B admission, which as this court will recall, there's about 20 instances, including photos of other guns, this talking by Stark of other guns or other purchases that never happened. So your argument is that we have to conclude that the district court erred in admitting this 404B evidence and then reach your new trial denial. Your Honor, I'm certainly urging that, but I think you can also conclude that the... Let me just stop you because on pages 16 to 21 of your brief, I wrote, there is a litany recited one after another of alleged improper evidentiary rulings, improper questioning, and improper closing arguments with nothing about preservation. The government brief comes in then and says most of these things weren't preserved in the district court, don't consider them. We are not pigs looking for truffles in a great woods. We don't do this. We aren't going to take your failure to explain how this was preserved and exactly what the error is and the government's offhand assertion that it wasn't preserved and now we're supposed to go dig through a three-volume trial transcript. We aren't going to do it unless you can tell us today, paragraph by paragraph in your brief, what was preserved and how and give me a citation. We're not going to consider those and we've told lawyers that time and time again. Thank you, Your Honor. With respect to it being preserved, it was preserved. It was preserved. I'm not talking about the 404B. I'm talking about the search warrant affidavit and blah, you know, government exhibits 300 through 338 admitted in violation of FRE802, etc., etc. All this is thrown at the wall under a rubric of a new trial should have been granted. That is not a proper argument. It's not a properly supported argument. Your Honor, I respectfully disagree. We raised in our motion for new trial, we raised with the district court that the use, the government's use of the 404B evidence in the government's closing was improper. We raised it. It was denied by the judge. You've given us record, with respect to what you've argued this morning, you've given us record evidence, record references and district court rulings, and that's reviewable, and then we can decide whether or not, not the 404B issue, because you didn't raise that on appeal. We have to decide whether that's in and of itself standing alone means the district court erred in denying a new trial. But all the other stuff in your brief, I'm not going to consider. It hasn't been argued the same way and it hasn't been cited, and I don't accept the government's assertion that you didn't preserve it in the district court, but you didn't respond to that. Issue by issue. Now, if you've said all this in your motion, I'm saying you, and I'm not assuming you represented Mr. Jefferson in the district court, but if the motion for new trial set out all these reasons and Judge Pratt denied it, okay, then we can take that, but when your brief asserts that, well, the government, 38 of the government's exhibits violate federal rule of evidence 802, that's not an issue on appeal, because it wasn't in your issues presented, and it wasn't briefed and argued under rule 802, and we aren't going to accept your assertion. We would certainly, if Judge Pratt discussed it in his denial, that would be relevant to whether we should affirm or reverse the denial, but it just today, but I'm just telling you my own and my colleagues may not agree, but this is just not a properly presented new trial motion argument, except for what you argued this morning. Thank you, your honor. I see my time is up. May I respond? No, you can take a minute and respond to that, because it's a serious problem. You've presented us with a serious problem, and I'm worried about what we do with it. Thank you, your honor. I can tell you I did represent Mr. Jefferson below and in the district court. We did take issue with the government's closing argument on our motion for new trial. Honorable Judge Pratt denied that motion, saying the government's use was proper. He didn't go through and articulate much more than that, but he said the government's use was proper. We've objected to that. We've I acknowledge that. That's the issue under Green-Bowman that this court has directly in front of it. I've said, including the Green-Bowman part of the argument, that's been properly presented, particularly in the oral argument, but it's the other stuff in the brief I'm just warning you. I don't see what we can do with it, except to the extent it was raised in the motion briefing to Judge Pratt and ruled upon by him. Thank you, your honor. I see my time is up, but I'm happy to respond to further. I think you did. Go ahead. That's fine. Thank you, your honor. Ms. Tubbs? May it please the court, counsel, Mackenzie Tubbs on behalf of the United States. Following a three-day jury trial, the defendant was convicted of possessing a gun, ammunition, and marijuana. Defense counsel's brief pays much attention to the credibility determinations that the jury made of Mr. Jefferson's co-conspirator, Ms. Stark. I think you have to stay near the mic. It's fading in and out, and that's probably a location problem. I apologize, your honor. I will move closer here. We're all dealing with this. Is that better, your honor? Seems to be, yes. Thank you. Okay. I will try and speak up throughout my argument. Thank you. The credibility determinations that the jury made regarding Ms. Stark were up to the jury, and as this court knows, are virtually unreviewable on appeal. Also supporting the verdict was voluminous other evidence that included text message evidence between Ms. Stark and Mr. Jefferson that documented their daily lives of what dealing drugs was like. It also corroborated Ms. Stark's testimony and corroborated the physical evidence. Specifically, it corroborated the storing of larger quantities of marijuana in an upstairs room of a house that Mr. Jefferson and Ms. Stark shared. That evidence was found on the date of the search warrant with the larger quantities upstairs and the smaller quantities downstairs. Also in that closet was the ammunition with which the defendant was charged, both the .40 caliber ammunition and the .20 caliber ammunition. As Mr. Zenor focused on today, the jury also heard intrinsic evidence of the robbery that occurred about a month prior to the search warrant, as well as 404B evidence, which included Mr. Jefferson's prior conviction, as well as his possession of other firearms, mostly in reference to that robbery that occurred about a month before the search warrant. The use of Mr. Jefferson's own words in closing arguments was not improper. The government was responding to the defendant's assertion through the whole trial that he did not deal the drugs. The government used this evidence to show intent, knowledge, motive, and plan as to why he possessed the firearm that was found in the house along with the drugs on the date of the search warrant. The district court considered some of the arguments that the defendant raises on appeal and found that the jury's verdicts were supported and that a new trial wasn't warranted, and we ask that this court affirm that ruling and the jury's verdicts. I'll turn to the second issue. The district court properly applied the sentencing guidelines and held that the defendant was a career offender. The district court made that ruling based on three prior convictions. The two are drug convictions, possession with intent to distribute cocaine, which is resolved by the Seventh Circuit case of Propper, and the federal crime of attempt to possess with intent to distribute marijuana, which is dealt with in the dispositive decision by this circuit, as well as the comments in the sentencing guidelines. I'd like to turn specifically first to the third crime that the court used to find Mr. Jefferson was a career offender, keeping in mind, of course, that the court only needed to with use of force and the statutory enhancement with use of an injurious weapon. The government's brief relies on Townsend and the defendant responds that the government fails to distinguish Townsend in the meaningfully different way that Mr. Jefferson's conviction under subsection 1A is different than the conviction under subsection 2 of that statute. The government certainly recognizes that distinction, but still believes that Townsend is persuasive. We have no direct authority on the exact crimes that Mr. Jefferson was charged with and whether or if courts have found those are crime of violence. It is important here that that enhancement or use of a dangerous weapon was part of his conviction. Moreover, the government believes that this court's rulings following Stoeckling, including Libby and Smith, are persuasive. The first crime of the robbery statute requires the use of force and Mr. Jefferson's conviction did involve the use of force and on top of that involved the use possession or threatened use of a dangerous weapon. The other enhancements for running the drug business out of the defendant's residence that he and Ms. Stark shared were also properly applied. The government asks that the court affirm the district court's 150 month below the guideline range sentence. Returning to some of the sufficiency of the evidence arguments, the defense also spent time both in motions in limine and at trial discussing the expert testimony. And the type of testimony that the government relied on here is commonplace. We cited cases that are free both from the Eighth Circuit and other circuits that affirm and state what the rules allow. Here, the evidence that was presented first that the fingerprint expert rarely finds fingerprints on a firearm, citing the specific numbers that he, number of times that he had found fingerprints certainly was useful to the jury in reaching their ultimate determination. Moreover, the DNA expert's conclusion that there was male DNA on the firearm but it couldn't be further identified similarly assisted the jury in reaching its conclusion that Mr. Jefferson possessed the .22 caliber gun found in the house. The government made disclosures and those documents. Does the government believe that Wendy Stark's testimony by itself is sufficient evidence? The jury heard additional evidence, your honor, and it is not. No, wait, wait, wait, wait. You're on appeal now. You're not arguing to the jury. If the jury, does the government, is the government not arguing that we should just assume that we have to infer the jury believe Wendy Stark and that's sufficient? Respectfully, your honor, the government does not believe this court needs to find that the jury believed Ms. Stark's testimony. I don't know that you understand our function on review of a jury verdict. We have to assume that the jury found everything in the government's favor since you won and do we still throw the jury in the river? Now, with that standard of review, if the jury believed Wendy Stark's testimony, is that in the government's view sufficient evidence for appellate affirmance? Yes, your honor. I do believe that viewing Ms. Stark's testimony in the light most favorable to the government, that certainly is sufficient. She not only tied the text messages, which documented their back and forth of delivering and distributing marijuana over an extended period of time. She explained those text messages to the jury. She explained what she would do in response and she also discussed why Mr. Jefferson started using her firearms. She also discussed the ammunition found in the upstairs room, why she purchased it. She discussed the connection of Mr. Jefferson previously having had a 40 caliber gun connecting it to the 40 caliber ammunition. So yes, viewing her testimony alone, I do believe that supports the jury's verdict. Unless there are any further questions, I will yield the balance of my time. Thank you. Very good. Mr. Zianna, you have some time for a vote. Thank you, your honor. I guess you used your time. I'll give you a minute on the sufficiency issue. Thank you, your honor. Mr. Jefferson's assertion and what I think will be difficult for this court is to find evidence that supports the gun conviction that's different from evidence that would support the methamphetamine conviction. Ms. Stark's testimony, as Mr. Jefferson left on the day before or the morning of, and then returns with the methamphetamine and the gun, takes both out and lays them on the nightstand. That's the evidence. The jury disregards Ms. Stark's testimony and there's no basis for the distinction and that's why the court will be arguing. I think the argument is that that evidence by itself is sufficient to convict of both offenses. Right. Because it involves a gun and it involves drugs and it shows proximity, etc. If I may respond, your honor, I see I'm out of time. I didn't understand that you've got to find some difference in the evidence supporting the two counts. What the jury relied on is this 404B improper argument to get there on the gun that wasn't made to them on the meth. That explains the difference in the jury verdict. I appreciate the standard. I appreciate that I can't argue inconsistent verdicts, but that is the difference. To the extent that you talked about sufficiency, what we heard from the government is explaining in a way why there wasn't any DNA of Jefferson or fingerprints of Jefferson. The problem was there was... Okay, I don't need that. You answered my question. Thank you, your honor. Very good. Thank you, counsel. The case has been thoroughly briefed and argued and we will take it under advisement.